UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY TEAGUE,

              Plaintiff,

                                      Civil Case No. 21-12721

v.                                   Honorable Linda V. Parker

KEITH BIEGANSKI,

              Defendant,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

### I.  Introduction

Before the Court is Plaintiff Larry Teague's *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the Genesee County Jail in Flint, Michigan.  Having reviewed Plaintiff's Complaint, the Court concludes that it must be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### II.  Applicable Law

The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  The Court is similarly required to dismiss

1

a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*,

550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation (1) of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, which was (2) caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III.  Discussion

Plaintiff claims that Defendant, a Michigan State Police officer, transported Plaintiff from Harris County, Texas to the Genesee County Jail in Flint Michigan on May 20, 2020.  According to Plaintiff, Defendant neglected to release Plaintiff's personal property to jail personnel.  Plaintiff seeks monetary relief.

The Complaint is subject to dismissal for several reasons.  First, Plaintiff alleges only that Defendant "neglected" to release his property to jail personnel.  It

is well established that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis original); *see also Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) (explaining that "it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest").  However, even if Plaintiff is alleging more than mere negligence on Defendant's part, Plaintiff still fails to state a claim upon which relief can be granted.

This is because "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999).  A plaintiff who brings a § 1983 procedural due process claim "must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983).  If a plaintiff in a § 1983 action fails to demonstrate the inadequacy of state remedies, the case should be dismissed.  *See Bass*, 167 F.3d at 1050.

Plaintiff does not allege that Michigan's remedies are inadequate to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain

4

relief from any court or tribunal in Michigan.  This provides a second reason why Plaintiff's Complaint is subject to dismissal.

Further, there are remedies available.  "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999).  Michigan has several post-deprivation remedies available to Plaintiff.  *See, e.g.*, MCR 3.105; Mich. Comp. Laws §§ 600.2920, 600.6401.  Further, the Michigan Court of Claims Act establishes a procedure to compensate for alleged unjustifiable acts of state officials.  *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).  As Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not rise to the level of a violation of due process.  *See Keenan v. Marker*, 23 F. App'x. 405, 407 (6th Cir. 2001).

For these reasons, the Court is summarily dismissing Plaintiff's Complaint. Because the Complaint lacks any arguable basis in the law, the Court further certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager